## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: ~~15-1288~~ i5-cv-01288-REB-MJw

CROCS, INC., a Delaware corporation;

Plaintiff,

v.

THE CHILDREN'S PLACE, INC., a Delaware corporation;
THE CHILDREN'S PLACE SERVICES COMPANY, LLC, a Delaware limited liability
company; and THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware
corporation;

Defendants.

---

### PROTECTIVE ORDER   ( Docket p 39-1)

---

This matter comes before the Court by stipulation of plaintiff Crocs, Inc.

("Plaintiff") and defendants The Children's Place, Inc., f/k/a The Children's Place Retail

Stores, Inc. and The Children's Place Services Company, LLC (collectively, "The

Children's Place" or "Defendants") (Plaintiff, together with "The Children's Place" or

"Defendants" are hereinafter collectively referred to as "the Parties"), for the entry of a

protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and

Local Rule 7.2, limiting the review, copying, dissemination and filing of confidential

and/or proprietary documents and information to be produced by either party or their

respective counsel, or by any non-party, in the course of discovery in this matter to the

410450v3

extent set forth below (the "Stipulation").  Having found that the Parties, by, between and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS hereby ORDERED that:

1.   This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment by reason of their competitive, sensitive, proprietary and non-public nature.  This Stipulation shall govern the handling of documents, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given or exchanged by and among the Parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2.   As used herein:

(a)   "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "CONFIDENTIAL," that the Producing Party (as defined below) reasonably and in good faith believes constitutes and/or contains non-public, confidential, business, strategic, proprietary or commercially-sensitive information that requires the protections provided in this Stipulation.

(b)   "Highly Confidential Information – Attorneys Eyes Only" shall mean all Discovery Material, and all information contained therein, and other

410450v3

information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," that the Producing Party reasonably and in good faith believes constitutes and/or contains trade secrets, proprietary business information, or other information the disclosure of which would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers if disclosed, including but not limited to, to the Receiving Party.

(c)     "Protected Information" shall mean Confidential Information and Highly Confidential Information –Attorneys Eyes Only, collectively.

(d)     "Producing Party" shall mean the party to this Litigation and/or any non-party producing Protected Information in connection with discovery in this Litigation, or the party asserting the confidentiality designation, as the case may be.

(e)     "Receiving Party" shall mean the party to this Litigation and/or any non-party receiving Protected Information in connection with discovery in this Litigation.

3.     The Parties or any nonparty may designate as "Confidential" or "Highly Confidential – Attorneys Eyes Only" any document, testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth.  Such designation shall subject the information produced or provided under said designation to the provisions of this Stipulation.

3

410450v3

4.    Any document produced by any party or non-party in this Litigation may be designated as Confidential or Highly Confidential – Attorneys Eyes Only by stamping the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" on the face of the document, statement on the record of the deposition, written advice to counsel for the Parties hereto, or by other appropriate means.

5.    A party may designate as Confidential or Highly Confidential-Attorneys Eyes Only any Discovery Material produced or given by any non-party to this case, or any portion thereof.  In the case of documents, designation shall be made by notifying all counsel, in writing, of those documents that are to be stamped and treated as Confidential or Highly Confidential-Attorneys Eyes Only at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation.  Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

6.    The Parties or any non-party may designate deposition testimony or any portion of deposition testimony as Confidential or Highly Confidential – Attorneys Eyes Only by advising the reporter and counsel of such designation during the course of the deposition, or in writing within 10 days of the receipt of the deposition transcript.  Transcripts will be treated as Highly Confidential-Attorneys Eyes Only for the 10-day period.  Whenever any writing designated as Confidential

4

or Highly Confidential – Attorneys Eyes Only is identified as an exhibit in connection with testimony given or with any document filed with the Court in this case, it shall be so marked and separately filed with the Court as restricted, when such filing is granted by the Court.

7.    The Parties may designate as Confidential or Highly Confidential – Attorneys Eyes Only specific responses to discovery requests by labeling the specific response "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

8.    Whenever any document, testimony, information or material designated as Confidential or Highly Confidential – Attorneys Eyes Only is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, the Party submitting and/or filing any such material with the Court shall follow the procedures set forth in Local Rule 7.2. The parties shall act in good faith and on a reasonable basis when designating material Confidential or Highly Confidential – Attorneys Eyes Only.

9.    Nothing in this Stipulation shall be deemed to narrow or widen the scope of permissible discovery before trial or the admissibility of evidence at trial or at any hearing in this matter.

10.    Except upon prior written consent of the Party or persons asserting Confidential or Highly Confidential – Attorneys Eyes Only treatment or upon further order of a court of competent jurisdiction, Protected Information shall be held in

5

410450v3

strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation.

11.   Access to Confidential documents, testimony, information or material shall be limited to:

(a)   In-house counsel for the Parties, and their associated attorneys, paralegals and other professional personnel (including support staff) who are actually engaged in assisting such counsel in the preparation of this Litigation and who have signed the "Acknowledgement of Agreement to be Bound" (Exhibit A);

(b)   Outside counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are actually engaged in assisting such counsel in the preparation of this Litigation and who have signed the "Acknowledgement of Agreement to be Bound" ("Exhibit A);

(c)   Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a Party for the purpose of assisting in the prosecution or defense of this Litigation and who have signed the "Acknowledgement of Agreement to Be Bound" (Exhibit A hereto);

(d)   The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Agreement to Be Bound" (Exhibit A hereto);

(e)   The Court and court personnel;

(f)   An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer and who has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(g)   Persons who, from the face of the document or based on other reliable information, are either authors or recipients of such Confidential Information;

6

(h)    Hearing and deposition witnesses, other than the above, whether during such hearing or deposition or for preparation for such hearing or deposition and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(i)    Any other person agreed to by the parties in writing and who signs the "Acknowledgement and Agreement to be Bound" (Exhibit A).

12.    Absent written permission from the Producing Party or further order by the Court, the Receiving Party may not disclose Highly Confidential – Attorneys Eyes Only information to any person other than those identified in paragraphs 11(b), (c), (e), (f) and (g) hereof.

13.    All Protected Information shall be utilized by the Receiving Party and its counsel only for purposes of this Litigation and for no other purposes.  No party shall, for itself or for any person or persons acting on its behalf, make more copies of any Protected Information or material than are reasonably necessary to conduct this Litigation.

14.    Each person or entity designated pursuant to Paragraphs 11 and 12 hereof to receive Confidential and/or Highly Confidential-Attorneys Eyes Only information pursuant to this Stipulation submits to the jurisdiction of this Court for purposes of enforcement of this Stipulation and any Protective Order entered by the Court.

15.    Except as otherwise provided for in this Stipulation, all Protected Information and material shall remain in the possession of counsel for the Receiving Party, and be stored in a secure place.

16.    Within thirty (30) days of receipt, the Receiving Party may notify the Producing Party that the Receiving Party does not concur in the designation of a document

7

410450v3

or other material as Confidential and/or Highly Confidential –Attorneys Eyes Only.  The Parties shall then meet and confer to attempt to resolve the dispute without involvement of the Court.  If within seven (7) days the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials.  If no such motion is made, such documents or materials shall continue to be treated as designated.  If such motion is made, the documents or other materials shall be deemed as designated, unless and until the Court rules otherwise.

17.   Should any party or person seek to utilize any Protected Information at trial or a hearing in this matter, the Parties agree that pursuant to Fed. R. Civ. P. 26(c), such material may be introduced as evidence without threatening the confidential nature of the information. ~~The Parties expressly stipulate, and the Court hereby orders, that any Protected Information introduced at trial or a hearing shall be treated as if filed pursuant to Local Rule 7-2 and any person involved in the trial or hearing shall be directed not to disclose the confidential information and/or Protected Information without prior court approval.~~ *The Parties shall File A motion Requesting Restricted Access to Any Information They believe should be Restricted consistent with D.C. Local Civ R 7.2, when such information is Filed with The Court.*

18.   Disclosure of Protected Information may also be made to any witness in this action at a deposition, hearing or trial, but only to the extent necessary to obtain the witness's testimony, and any transcript thereof and exhibits thereto shall be marked "Confidential" and/or "Highly Confidential-Attorneys Eyes Only" in accordance with this Stipulation.

8

410450v3

19.    Extracts and summaries of Protected Information shall also be treated as Confidential or Highly Confidential – Attorneys Eyes Only in accordance with the provisions of this Stipulation.

20.    Any Discovery Material that may contain Protected Information that has been inadvertently produced without identification as to its protected nature as provided for in this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the Discovery Material as Confidential and/or Highly Confidential-Attorneys Eyes Only within a reasonable time following the discovery that the document or information has been produced without such designation.

21.    The production or disclosure of Protected Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Litigation or in any other action.

22.    A Producing Party's inadvertent disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the common interest privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity. If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by

9

a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from further examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged.  In the event of alleged inadvertent disclosure of alleged Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return of the alleged Privileged Documents.  Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within ten (10) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall return all original documents identified by the Producing Party in such notice (whether electronic or hard copy), shall destroy or delete any and all copies (whether electronic or hard copy), and shall expunge, from any other document, information or material derived from the inadvertently produced Privileged Documents.  In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the original documents shall nevertheless be immediately returned to the Producing Party and all copies (whether electronic or hard copy) thereof shall be immediately segregated in a manner that will prevent further disclosure or dissemination of their contents.  All counsel shall undertake reasonable efforts to resolve the issue

10

without court intervention within ten (10) days of such notice of inadvertent

production of Privileged Documents.  To the extent counsel cannot resolve the

issue within ten (10) days, the Receiving Party may bring a motion to compel

production of the alleged Privileged Documents, but may not assert as a ground

for compelling production the fact or circumstance that the alleged Privileged

Documents had already been produced.  In the event of a motion to compel

production of the alleged Privileged Documents, it shall be the responsibility of

the Producing Party to provide, in its opposition to the motion to compel,

information regarding the content and context of the alleged Privileged

Documents sufficient to establish the applicability of any asserted privilege or

immunity from discovery, and, if the Court so requests, the Producing Party shall

provide the alleged Privileged Documents to the Court for *in-camera* review.

Original copies of alleged Privileged Documents shall be returned to the

Producing Party during the pendency of any dispute over the status of any

alleged Privileged Documents, and any copies thereof (whether electronic or

hard copy) shall remain segregated and protected against further disclosure and

use.

23.   Prior to disclosing Protected Information during any deposition in this Litigation,

the disclosing Party shall: (a) provide a copy of this Stipulation to the court

reporter, the witness, and others to whom disclosure is intended to be made; (b)

explain the Stipulation to said persons and/or cause them to read the Stipulation;

(c) request that said persons execute the declaration attached hereto as Exhibit

11

A; and (d) should any said person refuse to execute the declaration, obtain the agreement of the other parties before proceeding that the use of such Protected Information during the deposition shall not negate its treatment as Protected Information pursuant to this Stipulation.  Counsel for the Party obtaining a declaration shall supply a copy to counsel for all other parties.

24.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must promptly, after discovery of the disclosure by counsel of record, (a) notify the Producing Party of the unauthorized disclosure(s) in writing, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation, and (d) request the Unauthorized Recipient(s) to execute the declaration attached hereto as Exhibit A.

25.    The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation by either Party and agree that, under such circumstances, the Parties will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

410450v3

26.   This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Colorado, including its statutes of limitation, without giving effect to its principles or rules regarding conflicts of laws.  The provisions of this Stipulation shall be binding upon the Parties.  All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties.

27.   This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

28.   This Stipulation may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

29.   This Stipulation has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

13

30.   In the event that additional parties join or are joined in this Litigation, they shall not have access to Protected Information until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

31.   The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

32.   For the avoidance of doubt, nothing herein shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Protected Information, provided that counsel shall not disclose the contents of any Protected Information in violation of the terms of this Stipulation.

33.   Any Party, in conducting discovery from non-parties in connection with the Litigation, shall provide any non-party from which it seeks discovery with a copy of this Stipulation so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Stipulation shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Stipulation as held by the Parties. For the avoidance of doubt, non-parties may designate Discovery Material as Confidential or Highly Confidential pursuant to Paragraphs 4 and 5 as set forth herein.

14

34.   Within 60 days after the final disposition of this Litigation, each Receiving Party

must return all Protected Material to the Producing Party or destroy such

material. As used in this paragraph, "all Protected Material" includes all copies,

abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material. Whether the Protected Material is

returned or destroyed, the Receiving Party must submit a written certification to

the Producing Party (and, if not the same person or entity, to the Designating

Party) by the 60-day deadline that: (1) identifies (by category, where appropriate)

all the Protected Material that was returned or destroyed and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries

or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of

all pleadings, motion papers, trial, deposition and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, even if such

materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Stipulation.

35.   Nothing herein shall be deemed to waive any privilege recognized by law, or

shall be deemed an admission as to the admissibility in evidence of any facts or

documents revealed in the course of disclosure.

410450v3

36. This Stipulation shall be binding on, and inure to benefit of, the parties hereto and their agents, employees, employers, successors, assigns, heirs, administrators, agents and representatives.

37. This Stipulation may be modified or amended by agreement of the Parties or by order of the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted this 30th day of October, 2015

APPROVED AND SO ORDERED this 3rd day of November, 2015 As Amended in paragraph 17.

BY THE COURT:

_____

APPROVED:

/s/ Michael A. Berta
**Michael A. Berta**
Arnold & Porter LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94110
Telephone: (415) 471-3100
FAX: (415) 471-3400
Email: michael.berta@aporter.com
Attorney for Plaintiff Crocs, Inc.

/s/ _____
**Dana M. Susman**
Kane Kessler, P.C.
1350 Avenue of the Americas
New York, NY 10019
Telephone: (212) 541-6222
FAX: (212) 245-3009
Email: dsusman@kanekessler.com
Attorney for Defendants The Children's Place, Inc., The Children's Place Services Company, LLC, and The Children's Place Retail Stores, Inc.

410450v3

## EXHIBIT "A"

## DECLARATION FOR THE USE OF CONFIDENTIAL INFORMATION

1.     I _____, acknowledge that I am about to review confidential information produced in the matter of _____,which is pending in the United States District Court for the District of Colorado.

2.     I have read the Confidentiality Stipulation and Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me.  I agree to be bound by the terms thereof.

3.     I will not utilize any documents or any information contained therein for any purpose other than this litigation.  I further affirm that I will not reveal the confidential material to, nor discuss it with, anyone, except in accordance with the terms of the Confidentiality Stipulation and Protective Order.

4.     At the termination of this litigation, I will return to the attorney providing confidential materials to me any and all copies, summaries or abstracts of same, and documents related thereto.

5.     I submit to the jurisdiction of the United States District Court for the Southern District of Colorado as necessary to enforce the provisions of the Confidentiality Stipulation.


_____


Dated:_____

17

410450v3